IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TSM CORPORATION, a Michigan corporation, | ) ) | |
| Plaintiff/Counterdefendant, | ) ) | |
| vs. | ) ) | 2:08-cv-12221 |
| R.C.M. INDUSTRIES, INC. d/b/a INLAND DIE CASTING COMPANY, an Illinois corporation, sued as INLAND DIE CASTING COMPANY, INC., | ) ) ) ) ) | Judge Robert H. Cleland |
| Defendant/Counterplaintiff. | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED and agreed to among the parties that the following terms and conditions shall govern the use and treatment of documents, tangible items, information, and other materials produced by the parties in this lawsuit:

## CONFIDENTIAL INFORMATION GENERALLY

**1.** "Confidential Information," as used herein, means any information, in whatever form, that a party produces in connection with formal or informal discovery in this lawsuit that contains, reflects, or concerns information of a highly sensitive or proprietary nature, which, if disclosed to third parties, may adversely affect the producing party's commercial, business, or financial position, or may otherwise cause the producing party injury. "Confidential Information" includes, by way of example but not limitation, documents (as broadly defined by FED. R. CIV. P. 34; computer and other electronically stored, generated, or transmitted matter;

˘1˘

tangible items; and deposition testimony and exhibits. Further, "Confidential Information" includes all documents, materials, and information derived from Confidential Information, including, by way of example but not limitation, excerpts, copies, abstracts, or summaries of Confidential Information. Finally, where appropriate and properly designated, "Confidential Information" includes information that is to be designated "Attorneys' Eyes Only," as set forth below.

2. A producing party shall designate as "Confidential Information" only documents, tangible items, information, testimony, and other materials that the producing party believes in good faith fall within the definition of "Confidential Information" set forth in Paragraph 1.

3. A producing party shall designate any document, tangible item, information, testimony, or other material as Confidential Information in any manner reasonably calculated to apprise the receiving party of its confidential nature. Documents may be designated Confidential Information by affixing the legend "CONFIDENTIAL" to each page of the document that the producing party believes to contain Confidential Information.

4. Any party may designate portions or all of any deposition as Confidential Information by making such designation on the record at the deposition. A deposition transcript containing Confidential Information and non-Confidential Information shall be bound in separate volumes upon any party's request.

5. Even if no Confidential-Information designation is made during a deposition, the deposition's contents shall be treated as Confidential Information under this

Protective Order until 14 days after the court reporter mails to the parties' counsel copies of the deposition transcript. Within that 14 day period, any party wishing to designate all or any portion of the deposition transcript as Confidential Information shall make the appropriate designation in writing and then serve that designation by mail upon the court reporter and counsel for all other parties.

6. Confidential Information may not be used or disclosed except as provided in this Protective Order. Confidential Information may only be disclosed, disseminated, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to the following individuals and entities:

(a) the parties in this lawsuit;

(b) counsel representing any party in this lawsuit and counsel's employees;

(c) the author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed or copied;

(d) deponents incident to their depositions in this lawsuit;

(e) witnesses in any hearing, trial, or other court proceeding in this lawsuit;

(f) experts and consultants, and their staff, retained by a party or a party's counsel to assist in the preparation and trial of this lawsuit;

(g) the Court and any persons employed by the Court working on this lawsuit;

(h) court reporters, including stenographers and video technicians; and

(i) any other person who the parties stipulate in writing may have access to Confidential Information.

**7.** Confidential Information shall not be disclosed to any person referenced in Paragraphs 6(c), 6(d), 6(e), 6(f), 6(h), and 6(i) unless and until such person has been provided with a copy of this Protective Order and has agreed in writing to be bound thereto by execution of a written agreement to that effect, as provided in Exhibit A to this Order. The party disclosing Confidential Information to any person referenced in Paragraphs 6(c), 6(d), 6(e), 6(f), 6(h), or 6(i) shall retain any executed Confidentiality Agreement, which shall be available for inspection by the Court, and, for good cause shown, any other party to this lawsuit. The requirements of this Paragraph 7 may be waived in whole or in part, in writing, by the producing party.

**8.** A party may designate as "Attorneys' Eyes Only" any Confidential Information that it believes in good faith to constitute proprietary business information which, if disclosed to the other party, may harm the disclosing party's competitive position with respect to the receiving party. Attorneys' Eyes Only Information shall receive the same treatment as Confidential Information, except that Attorneys' Eyes Only Information may only be disclosed, disseminated, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to the following individuals and entities:

(a) outside and in-house counsel representing any party in this lawsuit and counsel's employees;

(b) experts and consultants, and their staff, retained by a party or a party's counsel to assist in the preparation and trial of this lawsuit;

(c) deponents incident to their depositions in this lawsuit;

(d) witnesses in any hearing, trial, or other court proceeding in this lawsuit;

(e) the Court and any persons employed by the Court working on this lawsuit;

(f) court reporters, including stenographers and video technicians; and

(g) any other person agreed to by the parties in writing.

9. Attorneys' Eyes Only Information shall not be disclosed to any person referenced in Paragraphs 8(b), 8(c), 8(d), 8(f), and 8(g) unless and until such person has been provided with a copy of this Protective Order and has agreed in writing to be bound thereto by execution of a written agreement to that effect, as provided in Exhibit A to this Order. The party disclosing Attorneys' Eyes Only Information to any person referenced in Paragraphs 8(b), 8(c), 8(d), 8(f), and 8(g) shall retain any executed Confidentiality Agreement, which shall be available for inspection by the Court, and, for good cause shown, any other party to this lawsuit. The requirements of this Paragraph 9 may be waived in whole or in part, in writing, by the producing party.

10. Any Confidential Information which is disclosed pursuant to this Order shall be used only for prosecuting, defending, or attempting to settle this litigation. Any party receiving Confidential Information shall take all reasonable measures to ensure that the Confidential Information is not disclosed outside of the context of this litigation or used for any purpose other than those stated in this Paragraph 10.

11. Whenever Confidential Information, including Attorneys' Eyes Only Confidential Information, is to be referred to or disclosed in a deposition, meeting, or other gathering or conference, any party claiming confidentiality may exclude from the deposition,

meeting, or other gathering or conference any person who is not entitled under this Protective Order to receive or review the Confidential Information.

**12.** Whenever Confidential Information, including Attorneys' Eyes Only Confidential Information, is to be referred to or disclosed in connection with any hearing, trial, or other court proceeding, any party claiming confidentiality may ask the Court to exclude from the hearing, trial, or other court proceeding any person who is not entitled under this Protective Order to receive or review the Confidential Information. Any person excluded from any hearing, trial, or other court proceeding pursuant to this Paragraph 12 shall be excluded only while Confidential Information is being discussed, referred to, or otherwise disclosed in any manner.

**13.** If a party intends to file with, or submit to, the Court any pleading, written discovery, or other material containing, incorporating, attaching, or referring to Confidential Information, including Attorneys' Eyes Only Information, then that party shall ensure that all such items are filed or submitted in a sealed envelope or other appropriately sealed container that is labeled with the following information:

    (a)    the caption of this lawsuit;

    (b)    the name of the party filing the sealed envelope or other appropriately sealed container;

    (c)    a generic description of the sealed envelope or other appropriately sealed container's contents; and

    (d)    a notation substantially in the following form:

CONFIDENTIAL

This envelope [container] contains confidential information and is sealed pursuant to an ORDER OF THIS COURT. It is not to be opened or the contents thereof revealed or displayed except to Counsel of Record in this lawsuit, unless an express Order of this Court or a duly executed written stipulation of all parties in this lawsuit provides otherwise, and then only pursuant to the terms of said Court Order or stipulation.

14. Subject to rules of evidence, any party may offer Confidential Information, including Attorneys' Eyes Only Information, into evidence at any hearing, trial, or other court proceeding upon reasonable written notice to all other parties of the intention to do so. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court may then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such evidence at the hearing, trial, or other court proceeding.

15. Within 30 days of this lawsuit's conclusion, either by judgment and the expiration of any and all appeals therefrom, or by settlement, all Confidential Information, including Attorneys' Eyes Only Information, and all other items containing, relating, or referring to such information, shall either be returned to the producing party or destroyed, at the producing party's option. Notwithstanding the foregoing provision, the parties' counsel may keep for archival purposes one set of pleadings, motion papers, deposition transcripts and exhibits, trial transcripts and exhibits, and expert reports, regardless of whether such materials contain or

reference Confidential Information. To the extent any such retained materials contain or reference Confidential Information, such materials shall continue to be covered by this Protective Order. Within the same 30 days, the receiving parties shall provide to the producing party a certificate of compliance stating that the provisions of this Paragraph 15 have been followed.

16. If a party receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, including Attorneys' Eyes Only Confidential Information, then that party shall, under authority of this Protective Order, decline to produce the Confidential Information, and shall within seven days of receiving the subpoena or other document request give written notice to the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

17. An inadvertent disclosure of any document, tangible item, information, testimony, or other material shall not be deemed a waiver of any privilege, including, but not limited to, the attorney-client privilege and work-product doctrine. If a party inadvertently produces to any other party any document, tangible item, information, testimony, or other material that is privileged, in whole or in part, pursuant to the attorney-client privilege, work-product doctrine, or any other applicable privilege, the producing party may retrieve that document, item, information, or material by giving written notice of the claimed privilege to all parties who the producing party believes received copies of it within 15 days of the date on which the producing party became aware of the inadvertent production. Upon receipt of such

notice, all parties or other persons that received a copy of the produced document, item, information, testimony, or material shall immediately return it to the producing party and destroy any copies, recordings, or summaries of it, regardless of format or medium of expression. The terms of this Paragraph 17 shall not be deemed a waiver of a party's right to contest the producing party's privilege designation.

**18.** Any party may object to the designation of any document, tangible item, information, testimony, or other material as Confidential Information or Attorneys' Eyes Only. Any such objection, if made, must be made in good faith based upon a genuine belief that the particular document, tangible item, information, testimony, or other material does not fall within the definition of "Confidential Information" set forth in Paragraph 1, or the definition of "Attorneys' Eyes Only" Confidential Information set forth in Paragraph 8. In the event that such an objection is timely made, the objecting party shall notify the producing party of the basis for the objection at the time the objection is made. The objection shall be in writing and shall identify with reasonable specificity (a) the particular document, tangible item, information, testimony, or other material that is the subject of the challenge, and (b) the basis for the challenge to each such document, tangible item, information, testimony, or other material. Within 3 days after the producing party's receipt of such timely written notification, the objecting party and producing party shall confer and attempt in good faith to resolve their differences concerning each challenge. If these parties cannot reach agreement with respect to a challenge asserted by the objecting party, then the objecting party shall have 3 days after such meeting to file under seal an appropriate motion asking the Court to order that the document,

tangible item, information, testimony, or other material at issue is not entitled to confidential treatment under this Protective Order. The objecting party shall give the producing party notice of the motion and a reasonable opportunity to respond in writing. The objecting party shall continue to treat as Confidential Information and/or Attorneys' Eyes Only any document, tangible item, information, testimony, or other material that is the subject of any objection made under this Paragraph 18 of the Protective Order unless and until the producing party withdraws, in writing, the "Confidential" and/or "Attorneys' Eyes Only" designation at issue, or the Court rules that the document, tangible item, information, testimony, or other material is not entitled to confidential treatment under this Protective Order or Illinois or federal law.

19. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

20. This Protective Order shall be binding upon all parties to this lawsuit, as well as all persons who receive Confidential Information. The parties stipulate that the Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

AGREED:

| | |
|---|---|
| /s Ryan Lee Perry with permission | /s Joseph P. Della Maria, Jr., |
| Ryan Lee Perry (P55545) | Joseph P. Della Maria, Jr. |
| Giamarco, Mullins & Horton, PC | Rothschild Barry & Meyers |
| 101 West Big Beaver, 10th Floor | 55 West Monroe Street, Ste 3900 |
| Troy, MI 48084-5280 | Chicago, IL 60603 |
| Phone: 248-276-4700 | Phone: 312-372-2345 |
| | Fax:312-372-2350 fax |

Thomas E. Bejin (P56854)
Stefan D. Osterbur (P69434)
Rader, Fishman & Grauer PLLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Phone: 248-594-0600
Fax: 248-594-0610

IT IS HEREBY ORDERED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

# EXHIBIT A

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order in *TSM Corporation v. R.C.M. Industries, Inc.*, Case No. 2:08-cv-12221. I have reviewed the Order, and agree to be bound by its terms to the extent they apply to my receipt of Confidential Information or Attorneys' Eyes Only Information.

_____  
    DATED

_____  
    SIGNED

Printed name: _____  
Address: _____  
    _____  
Phone Number: _____